IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL M. DOWDELL, | : | Civil No. 3:17-cv-739 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CAPT. S. SPAULDING, | : | |
| Respondent | : | |

**MEMORANDUM**

I. **Background**

On April 26, 2017, Petitioner Darryl Dowdell ("Dowdell"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary infraction he received while confined at the Federal Correctional Institution in Cumberland, Maryland, which resulted in the loss of twenty-seven (27) days of good conduct time. (Doc. 1). At the time his petition was filed, Dowdell was confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. (*Id.*). For relief, Dowdell requests that the Court order the expungement of the incident report and restore the good conduct time lost in the resulting sanctions. (*Id.* at p. 8).

On October 30, 2018, Respondent filed a suggestion of mootness stating that Dowdell was released from the custody of the Bureau of Prisons ("BOP") on October 12, 2018. (Doc. 10). Thus, Respondent asserts that no further relief is available to Dowdell and the habeas petition should be dismissed as moot. (*Id.*). For the reasons set forth

below, the Court will dismiss the petition as moot.

## II. <u>Discussion</u>

Federal habeas review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *Scott v. Holt*, 297 F. App'x 154 (3d Cir. 2008) (nonprecedential).

In this situation, the relevant inquiry is whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-42 (3d Cir. 2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983. By contrast,

challenges to the execution of a sentence that has already been served will not be presumed. *Spencer*, 523 U.S. at 12-14, 118 S.Ct. at 985.

Respondent has filed a suggestion of mootness, citing Dowdell's October 12, 2018 release from custody. (Doc. 10, Suggestion of Mootness; *see also* BOP Inmate Locator[1]). Once Dowdell served his term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c). Under these circumstances, Dowdell cannot demonstrate any continuing collateral consequences or injury because his release eliminates the Court's ability to grant him any relief. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue"); *see also Scott*, 297 F. App'x at 156 ("Because [the petitioner] has served his complete term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). As no live controversy remains, the Court will dismiss Dowdell's habeas petition as moot. *See Scott v. Schuylkill FCI*, 298 F. App'x 202 (3d Cir. 2008) (nonprecedential).

---

[1] Upon entering Petitioner's identification number, 25563-038, into the BOP Online Inmate Locator System, his status was returned as "released" on October 12, 2018. *See* https://www.bop.gov/inmateloc/#

A separate Order shall issue.

Date: October 31st, 2018

                                          Robert D. Mariani
                                          United States District Judge